UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ROY BERTRAND III**  :  **CASE NO. 6:21-CV-04398**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**COASTAL CHEMICAL CO L L C ET AL**  :  **MAGISTRATE JUDGE PATRICK J. HANNA**

### MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 24] filed by defendants Coastal Chemical Company, LLC ("CCC") and Brenntag North America Inc. ("Brenntag"), in response to the amended complaint filed by Roy Bertrand. Bertrand opposes the motion. Doc. 27.

### I.
### BACKGROUND

This suit arises from a dispute between Bertrand and his employer, CCC. According to the amended complaint, Bertrand was employed there from 2010 to 2021. He began his tenure as an oil lab chemist and was working as a product manager/application specialist and commercial account manager when he resigned on May 7, 2021. Doc. 19, ¶¶ 5–7. CCC alleged that Bertrand downloaded proprietary information before his departure and used it for the benefit of his next employer. Accordingly, it filed suit against him in this court on December 23, 2021, raising *inter alia* claims of misappropriation of trade secrets under state and federal law and seeking a preliminary injunction. *Coastal Chem. Co., LLC v.*

*Bertrand*, No. 6:21-cv-4415, doc. 1 (W.D. La.). On the preceding day, Bertrand filed suit in this court against CCC and its parent company, Brenntag, relating to two patent assignments he executed years before his departure from CCC. Doc. 1. Specifically, Bertrand alleged that defendants had obtained his consent to the assignments by promising they would reach a separate agreement for royalties, which they never intended to make. *Id.* Bertrand thus brought an action for damages, declaratory judgment, and rescission of assignment, raising claims of fraud in the inducement, breach of contract, detrimental reliance, misappropriation and unfair trade practices, and unjust enrichment. *Id.*

CCC filed a motion to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6). Doc. 13. In response, Bertrand filed an amended complaint supplementing his allegations again CCC, dropping the misappropriation/unfair trade practice claims and adding a claim of patent infringement. Doc. 19. CCC now moves to dismiss all of the claims under Rule 12(b)(6), asserting that: (1) the breach of contract claim fails for various reasons, (2) the claims for fraudulent inducement, detrimental reliance, and unjust enrichment are time-barred and also fail as a matter of law, (3) Bertrand lacks standing to bring the claim of patent infringement and this claim likewise fails as a matter of law, and (4) the claim for declaratory judgment fails for numerous reasons. Bertrand opposes the motion.

## II.
## LAW & APPLICATION

### A. Motion to Dismiss Standard

Because the grounds for dismissal under Rule 12(b)(6) result in dismissal of the claims at issue against both defendants, and defective service could still be cured, the court will first analyze the grounds asserted under Rule 12(b)(6).

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

#### 1. Breach of contract claim

At issue here are patent assignments executed in 2014 and 2016. In both agreements plaintiff agreed to assign "all right, title, and interest" in the respective inventions to CCC in exchange "for and in consideration of the sum of One Dollar ($1.00) to me in hand paid by [CCC] and for other good and valuable considerations, the receipt of which is hereby acknowledged[.]" Doc. 19, att. 1, p. 2; doc. 19, att. 2, p. 1. In the alternative to his fraudulent inducement claim, plaintiff alleges that the reference to "other good and valuable considerations" contains this promise to pay royalties. Doc. 19, ¶¶ 94–99. Defendants move for dismissal of this claim, arguing that the nothing within the text of the agreements permits such a reading. Doc. 24, att. 1. Specifically, they assert that Bertrand's admission that he had already received the consideration and that he was presently assigning all rights in exchange therefor stand in the way of any interpretation of future royalties. Bertrand opposes the motion, arguing that these terms can still support a promise of future payment. Doc. 27.

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Accordingly, the court evaluates the substance of each claim under Louisiana law. Louisiana law provides that a contract is read for its plain meaning and operates as the law between the parties. *In re Liljeberg Enterprises, Inc.*, 304 F.3d 410, 439 (5th Cir. 2002). "[W]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the

parties' intent." *Apache Deepwater, LLC v. W&T Offshore, Inc.*, 930 F.3d 647, 656 (5th Cir. 2019) (internal quotations and alterations omitted). This rule "does not allow the parties to create an ambiguity where none exists and does not authorize courts to create new contractual obligations where the language of the written document clearly expresses the intent of the parties." *Omnitech Intern., Inc. v. Clorox Co.*, 11 F.3d 1316, 1326 (5th Cir. 1994). Additionally, "[e]ach provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La. Civ. Code art. 2050.

Even construing the terms in a light most favorable to plaintiff, the court can find no basis for interpreting either contract to include a promise to pay royalties. Bertrand expressly acknowledged his receipt of all consideration, including the unspecified "other good and valuable" portions, and unequivocally assigned all rights, title, and interest in the invention in exchange. While a promise of future payment may provide consideration for a contract, these terms directly conflict with the idea that any portion of CCC's obligation had not yet been fulfilled. Additionally, plaintiff notes cases holding that royalties may be reserved despite contractual terms indicating an absolute assignment of substantial rights. *See, e.g.*, *Procter & Gamble Co. v. Kimberly-Clark Corp.*, 684 F.Supp. 1403, 1405 (N.D. Tex. 1987); *SGS-Thomson Microelectronics, Inc. v. Int'l Rectifier Corp.*, 31 F.3d 1177 (Fed. Cir. 1994). As CCC observes, however, those cases involved express reservations of royalties—something lacking in this case. Bertrand's cession of all interests would likewise appear to contradict any promise of future royalties. Accordingly, the terms of the contract

are unambiguous and do not support the breach claimed by plaintiff. This claim must therefore be dismissed.

### 2. Tort Claims

#### a. Prescription

Defendants next argue that Bertrand's claims for fraudulent inducement, detrimental reliance, and unjust enrichment fail under Louisiana's one-year prescriptive period for tort claims. Bertrand maintains that these claims are subject to the prescriptive periods for contractual claims. In the alternative, he asserts that the torts were continuing ones and that defendants made intentional misrepresentations for several years on their intentions to pay royalties, until finally informing him in March 2021 that he would not be paid anything.

As the Fifth Circuit has observed, a fraud claim under Louisiana law may arise in tort or in contract. *Clark v. Constellation Brands, Inc.*, 348 F. App'x 19, 21 (5th Cir. 2009) (citing *Griffin v. BSFI Western E&P, Inc.*, 812 So.2d 726, 734 (La. Ct. App. 1st Cir. 2002)). Claims arising in contract are subject to a five-year prescriptive period under Louisiana Code of Civil Procedure 2032 and the court determines the nature of the claim by the allegations and remedy sought. *Id.* at 21–22. In particular, the court looks to whether the claim arises from a breach of promise (indicating a contract claim) or a breach of duty (indicating a tort claim). *Keenan v. Donaldson, Lufkin & Jenrette, Inc.*, 575 F.3d 483, 487 (5th Cir. 2009)). It also considers whether plaintiff seeks non-contractual damages, suggesting a tort claim. *Clark*, 348 F. App'x at 22; *see also Firefighters' Ret. Sys. v. Citco*

*Grp. Ltd.*, 2019 WL 190968, at *3 (M.D. La. Jan. 14, 2019); *Sierra v. Haliburton Energy Servs., Inc.*, 2018 WL 2947118, at *3 n. 7 (W.D. La. Jun. 12, 2018).

In this matter Bertrand seeks non-contractual "[d]amages/loss sustained and to be sustained on account of Defendants' conduct" rather than rescission, which is the contractual remedy for fraudulent inducement. Doc. 19, ¶ 128; *Clark*, 348 F. App'x at 22. He also fails to assert that CCC's alleged misrepresentations violated any contractual duty. Accordingly, his claim for fraudulent inducement sounds in tort and is subject to a one-year prescriptive period.

"Prescription begins to run when the potential plaintiff has actual or constructive knowledge of facts that would indicate to a reasonable person that he or she is the victim of a tort." *Id.* at 23 (citing *Campo v. Correa*, 828 So.2d 502, 510–11 (La. 2008)). Bertrand's fraud claim is based on CCC's alleged promise to "negotiate in good faith to determine a reasonable royalty and pay him a full and fair **annual** payment based on sales volumes[.]" Doc. 19, ¶ 56 (emphasis added). Defendants thus maintain that Bertrand had sufficient information to give him notice of this claim when he was not paid a royalty within one year of either assignment. Bertrand has also alleged, however:

> 106. Coastal made multiple promises up to and until March 23, 2021[,] that Bertrand would be paid in full for the entire amount owed. After the initial promises, each time Bertrand again approached Coastal about his royalties, Coastal promised to make him whole in regards to both past and future sales, and their related royalties.
> 107. In the alternative, and in addition, Coastal agreed that payments would be made for each year, at the end of each year, and each successive year of sales resulted in a new and distinct obligation for Coastal to compensate Bertrand for the promised royalties and new and distinct economic losses/damages to Bertrand.

Page 7 of 15

*Id.* at ¶¶ 106–07. Bertrand therefore maintains that (1) this was a continuing tort based on a series of misrepresentations and (2) he did not become aware of the fraud until March 2021, meaning the claim has not prescribed even under a one-year prescriptive period.

The court rejects the continuing tort theory as it applies to this fraudulent inducement claim. A fraudulent inducement claim requires an intentional misrepresentation, the error of which "must relate to a circumstance substantially influencing the victim's consent to (a cause of) the contract." *Shelton v. Standard/700 Assoc.*, 798 So.2d 60, 64 (La. 2001). Accordingly, the injury occurs at least by the time the victim consents to the contract. Under Louisiana law, however, there is an equitable doctrine of *contra non valentem agere non currit praescription*, or "no prescription runs against a person unable to bring a cause of action." *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 995 F.3d 384, 390 (5th Cir. 2021). The doctrine tolls prescription in the following "exceptional circumstances":

> (1) where there was some legal cause which prevented the courts or their officers from acting or taking cognizance of the plaintiff's action; (2) where there was some condition or matter coupled with the contract or connected with the proceedings which prevented the plaintiff from availing himself of his cause of action; (3) where the defendant has done some act effectually to prevent the plaintiff from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.

*Id.* (quoting *Morgan v. Entergy New Orleans, Inc.*, 234 So.3d 113, 116 (La. Ct. App. 2017)). The third category applies "when the defendant has done some act effectually to lull the victim into inaction" and has been applied where the defendant engages in conduct rising "to the level of concealment, misrepresentation, fraud or ill practice." *Albe v. City of*

*New Orleans*, 150 So.3d 361, 368 (La. Ct. App. 4th Cir. 2014) (internal quotations omitted). However, it "will not exempt a plaintiff's claim from running if his ignorance is attributable to his own willfulness, neglect, or unreasonableness." *Id.*

Bertrand has alleged an agreement for royalties to be shared through an annual bonus structure but does not state when these bonuses were to begin. More information is needed, and may be provided through discovery, to determine whether the representations made by CCC justified his delay in filing suit. But at the pleading stage, these allegations are sufficient to provide a basis for tolling the limitations period. Accordingly, prescription does not provide grounds for dismissal of the fraudulent inducement claim at this stage.

Meanwhile, the detrimental reliance claim is likewise subject to a one-year prescriptive period if it arises in tort and to a ten-year period if it arises in contract. *First La. Bk. v. Morris & Dickson Co., LLC*, 55 So.3d 815, 825 (La. Ct. App. 2d Cir. 2010). Here again the distinction depends on whether the damages flow "from the breach of a special obligation contractually assumed by the obligor" or "a general duty to all persons." *Id.* at 826. As the Fifth Circuit has acknowledged, "[t]he question seems simple, but the answer is more complex" and depends on the nature of the action rather than the label applied by a party. *Keenan*, 575 F.3d at 487. Here, as in *Keenan*, Bertrand has alleged that he justifiably and reasonably relied on CCC's promises, executing the assignments based on a promise of royalty payments, and that he was injured as a result when no such payments were made. *Id.* at 487 n. 7; *see* doc. 19, ¶¶ 100–07. Accordingly, as in *Keenan*, the claim is subject to a ten-year prescriptive period that has not yet run. The unjust enrichment claim is already subject to dismissal due to the availability of other remedies, *infra*.

### b. Merits

Defendants also assert that the tort claims are subject to dismissal on the merits. First, they argue that Bertrand cannot show the justifiable reliance required for a fraudulent inducement or detrimental reliance claim. To prevail on a fraudulent inducement claim, a plaintiff must show:

> (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to (a cause of) the contract.

*Shelton*, 798 S.2d at 64. However, fraud does not vitiate consent when the party against whom it was directed "could have ascertained the truth without difficulty, inconvenience, or special skill" unless a relationship of confidence has reasonably induced him to rely on the other's assertions or representations. *Id.* (citing La. Civ. Code art. 1954). Additionally, a fraud claim in general requires that a plaintiff show "justifiable reliance on the false information as one of the essential elements." *America's Favorite Chicken Co. v. La. Intrastate Gas Corp.*, 1996 WL 306350, at *2 (E.D. La. Jun. 5, 1996) (citing *Concise Oil & Gas Partnership v. La. Intrastate Gas Corp.*, 986 F.2d 1463, 1468 (5th Cir. 1993)). Meanwhile, a claim of detrimental reliance requires (1) a representation by conduct or word, (2) justifiable reliance thereon, and (3) a change in position to plaintiff's detriment as a result of the reliance. *Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 (5th Cir. 2004). The doctrine usually functions in the absence of a written contract between the parties, or when the contract is unenforceable. *Id.* at 403–04. Accordingly, many courts have found a plaintiff's reliance on extra-contractual

representations to be unreasonable/unjustified "when the parties have a valid contract defining their rights and limiting the ways in which the contract may be modified." *Id.* at 404 (collecting cases).

Here the assignments contain no terms respecting modification. While the contract's terms appear to conflict with the royalties arrangement alleged, they do not explicitly omit the possibility. Additional information can be brought to light in discovery concerning any representations made by CCC through any employee and the context in which they were made, allowing for a determination of whether Bertrand's reliance was justifiable. As it stands, however, the allegations are sufficient to support a claim of fraudulent inducement and detrimental reliance even alongside the parties' written agreements.

On the subject of unjust enrichment, the Louisiana Civil Code provides: "A person who has been enriched without cause at the expense of another person is bound to compensate that person." La. Civ. Code art. 2298. The same article also emphasizes, however, that the remedy is subsidiary "and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule." *Id.* Accordingly, a plaintiff must show the following to support a claim for unjust enrichment: (1) an enrichment to the defendant; (2) an impoverishment to the plaintiff; (3) a connection between the two; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) the unavailability of any other remedy at law. *Carriere v. Bank of La.*, 702 So.2d 648, 658 (La. 1996).

On the fifth element, it is the existence of another cause of action—rather than its likelihood of success or failure—that defines the availability of the remedy. *Garber v.*

*Badon & Ranier*, 981 So.2d 92, 100 (La. Ct. App. 3d Cir. 2008). In other words, "[t]he mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff a right to recover under the theory of unjust enrichment." *Pine Grove Elec. Supply Co., Inc. v. Cat Key Constr., Inc.*, 88 So.3d 1097, 1101 (La. Ct. App. 5th Cir. 2012). Likewise, the fact that a plaintiff may ultimately prove unsuccessful in collecting on a claim against some defendants does not mean that she has no other remedy available at law against other defendants. *Id.* (citing *Carriere*, 702 So.2d at 672). The availability of tort claims will bar an unjust enrichment claim even if those are ultimately found to be prescribed. *Walters v. MedSouth Rec. Mgmt. LLC*, 38 So.3d 243, 244 (La. 2010). Here, as described above, Bertrand may attack defendants' alleged wrongful acts through his claims of detrimental reliance and fraudulent inducement. Accordingly, he is barred from also maintaining a claim of unjust enrichment and this claim will be dismissed.

### 3. Patent Infringement

Bertrand also brings a claim of patent infringement, arguing that because the assignments were invalid, CCC has violated his patents through the sales of several products arising from those inventions. Doc. 19, ¶¶ 122–27. Defendants oppose the claim on the merits and also argue that Bertrand lacks standing based on the assignments, even though he now challenges their validity.

Before a federal court can consider the merits of a claim, it must first determine whether the plaintiff has standing to sue. *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). Accordingly, the court first looks to the standing issue raised by defendants. Standing in patent suits derives from the Patent Act, which states that "[a] patentee shall have a remedy

by civil action for infringement of his patent." 35 U.S.C. § 281. If a patentee assigns the patent, then the transferee may become the patentee for the purposes of § 281. *Internet Ad Sys., LLC v. Opodo Ltd.*, 481 F.Supp.2d 596, 604 (N.D. Tex. 2007) (citing *Sicom Sys. Ltd. v. Agilent Techs.*, 427 F.3d 971, 976 (Fed. Cir. 2005)). If the patentee assigns "all substantial rights" and there is no indication of any right to sue retained by the original patentee, then the patentee is deemed to have given up his right to sue under § 281 in favor of the assignee. *See Mobilemedia Ideas, LLC v. Research in Motion Ltd.*, 2013 WL 12124319, at *2–*3 (N.D. Tex. Jun. 18, 2013) (patentee surrendered its standing under § 281 when it assigned "the entire right, title, and interest" in the patents, including "all rights to control the prosecution of the Assigned Patents throughout the world").

Here the agreements contemplate the transfer of "all right, title, and interest" but make no mention of litigation rights other than that the patentee will testify in any litigation as to the assignment when requested to do so. *See* doc. 19, atts. 1 & 2. However, the express inclusion of a "right to sue" in the assignment appears most relevant when it is reserved by the assignor. *See Alfred E. Mann Fdn. for Scientific Research v. Cochlear Corp.*, 604 F.3d 1354, 1361 (Fed. Cir. 2010) ("Under the prior decisions of this court, the nature and scope of the licensor's retained right to sue accused infringers is the most important factor in determining whether an exclusive license transfers sufficient rights to render the licensee the owner of the patent.") Here there is no ambiguity as to the total assignment of rights and interests under the agreements at issue, nor is there any indication of reserved rights. The agreements thus show that Bertrand has no standing to sue for patent infringement. This ruling stands even if the agreements are subsequently deemed invalid—the Federal

Circuit has repeatedly held that a court cannot retroactively vest a plaintiff with ownership rights in a patent even if it finds that the assignment was invalid. *See Heidelberg Harris, Inc. v. Loebach*, 145 F.3d 1454, 1457–58 (Fed. Cir. 1998) (citing *Arachnid, Inc. v. Merit Indus.*, 939 F.2d 1574 (Fed. Cir. 1991)). Accordingly, the claim will be dismissed for lack of standing and the court need not explore the merits.

### 4. Declaratory Judgment

Finally, Bertrand seeks declaratory judgment under Count IV of the claim. Doc. 19, ¶¶ 108–13. There he alleges that CCC has asserted that he has breached or will breach the patents at issue by going to work for CCC's competitor. Bertrand asserts that:

> (a) he does not sell any products or chemicals similar in composition, much less ones that infringe the patents; (b) he does not develop or aid in the development of chemicals or chemical formulae similar to the composition, much less ones that infringe the patents; and, in any event, (c) the assignment from which Coastal claims to have rights to the various patents is null and void, under applicable Louisiana law.

*Id.* at ¶ 111. Accordingly, he requests a declaration of non-infringement.

Defendants argue that this claim is subject to dismissal because, based on his contentions that he is not engaging in any infringing activities, Bertrand is failing to show an actual case or controversy. In the alternative, they suggest that Bertrand should have raised this as a compulsory counter-claim to their suit against him. The court disagrees; Bertrand has challenged the validity of the patent assignments in this suit and may likewise seek a declaration that (as he argues in the alternative) any use he makes of the patents is non-infringing. Accordingly, the motion is denied in this respect.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 24] will be **GRANTED IN PART** and **DENIED IN PART.** The claims for breach of contract and unjust enrichment will be **DISMISSED WITH PREJUDICE** while the claim for patent infringement will be **DISMISSED WITHOUT PREJUDICE** for lack of standing.

**THUS DONE AND SIGNED** in Chambers this 26th day of April, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**