UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ROY BERTRAND III**                              **CASE NO.  6:21-CV-04398**

**VERSUS**                                        **JUDGE JAMES D. CAIN, JR.**

**COASTAL CHEMICAL CO L L C ET AL**               **MAGISTRATE JUDGE PATRICK J. HANNA**

## MEMORANDUM RULING

Before the Court are two (2) motions: (1) "Plaintiff Bertrand's Opposed 12(b)(6) Motion to Dismiss, or in the Alternative, 12(c) Motion for Judgment on the Pleadings" (Doc. 31), and (2) "Defendants' Opposition to Plaintiff's Rule 12 Motion (ECF No. 32) and Cross Motion to Strike and for Partial Judgment on the Pleadings" (Doc. 35).

## INTRODUCTION

This suit arises from a dispute between Bertrand and his employer, Coastal Chemical Co., LLC ("CCC"). According to the Amended Complaint, Bertrand was employed there from 2010 to 2021. He began his tenure as an oil lab chemist and was working as a product manager/application specialist and commercial account manager when he resigned on May 7, 2021.[1]

On December 22, 2021, Bertrand filed suit in this Court against CCC and its parent company, Brenntag North America, Inc. ("Brenntag"), relating to two patent assignments he executed years before his departure from CCC.[2] Specifically, Bertrand alleged that

---
[1] Doc. 19, ¶¶ 5–7.
[2] Doc. 1.

Defendants had obtained his consent to the assignments by promising they would reach a separate agreement for royalties, which they never intended to make.[3] Bertrand thus brought this action for damages, declaratory judgment, and rescission of assignment; Bertrand raises claims of fraud in the inducement, breach of contract, detrimental reliance, misappropriation and unfair trade practices, and unjust enrichment.[4]

CCC filed suit against Bertrand in this Court on December 23, 2021, raising *inter alia* claims of misappropriation of trade secrets under state and federal law and seeking a preliminary injunction. *Coastal Chem. Co., LLC v. Bertrand*, No. 6:21-cv-4415, (W.D. La.). CCC has alleged that Bertrand downloaded proprietary information before his departure and used it for the benefit of his next employer.

In this suit, CCC filed a motion to dismiss Bertrand's claims under Federal Rule of Civil Procedure 12(b)(6), which prompted Bertrand to file an Amended Complaint to supplement his allegations against CCC with an allegation of patent infringement. The Amended Complaint also dropped the misappropriation/unfair trade practice claims.[5] CCC then moved to dismiss Bertrand's claims for breach of contract claim, infringement, declaratory judgment, fraudulent inducement, detrimental reliance, and unjust enrichment.[6] The Court dismissed Bertrand's claims for breach of contract, unjust enrichment, and patent infringement.[7]

---

[3] *Id.*
[4] *Id.*
[5] Doc. 19.
[6] Doc. 24.
[7] Doc. 29; The patent infringement claim by Bertrand was dismissed without prejudice due to lack of standing.

In its Answer to Bertrand's Amended Complaint, CCC alleged a counterclaim for patent infringement against Bertrand.[8] CCC's Answer was filed on May 10, 2022. Hence, Bertrand's answer to the Counterclaim was due May 31, 2022. Federal Rule of Civil Procedure article 12 (a)(1)(B).[9] Counsel for Bertrand filed his Answer on June 20, 2022.[10]

## RULE 12(b)(6) STANDARD

Because the grounds for dismissal under Rule 12(b)(6) result in dismissal of the claims at issue against both defendants, and defective service could still be cured, the court will first analyze the grounds asserted under Rule 12(b)(6).

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*,

---

[8] Doc. 31.
[9] Rule 12(a)(1)(B) provides that: "[a] party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim."
[10] Doc. 33.

495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Bertrand moves to dismiss CCC's counterclaim for patent infringement, or in the alternative issue a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). CCC opposes the motion and has filed a cross-motion to strike Bertrand's Motion and Answer as being untimely and without leave of Court. CCC also moves for partial judgment on the pleadings.[11]

The Court notes that Bertrand failed to timely file his answer and did not comply with this Court's Standing Order which requires a party to seek leave of court two (2) days prior to the deadline.[12] Counsel for Bertrand asserts that he sought leave of Court when he filed his Answer. This is blatantly false. Counsel for Bertrand did not seek leave of this Court to file his untimely Answer.[13]

Concerning counsel for Bertrand's assertion that he did not agree to not file the Rule 12(b)(6) motion, the Court finds it quite disconcerting that after CCC's counsel granted Bertrand's motion for an extension to file the untimely answer, counsel for Bertrand filed

---

[11] Doc. 35.
[12] www.lawd.uscourts.gov
[13] See Doc. 33.

both the answer at 7:26 p.m.[14] and the Motion to Dismiss at 7:24 p.m.[15] The email by Mr. Elwood Stevens writes

> Meanwhile, it was just brought to my attention that we have not filed a response to the counterclaims asserted by Coastal in Bertrand v Coastal (21-4398, Doc. 31).
> Would there be any opposition to a 10 day extension of time for Bertrand to respond in that matter?
>
> Counsel for CCC, Benjamin McCoy responds:
>
> Good morning Elwood—We will consent to a 10-day extension to file an Answer to the counterclaims. We will not consent to an extension for the filing of a Rule 12 motion/motion to dismiss.[16]

In his opposition, Mr. Stevens avows to this Court that Defendants' "did not condition their agreement to extend the answer deadline to Plaintiff Bertrand not filing a Rule 12 Motion."[17] This Court finds it quite incredible that counsel was not aware that CCC's counsel was granting the extension to file an answer in exchange for the courtesy of Bertrand not filing a 12(b)(6) motion, and or that CCC's counsel would not agree to Mr. Stevens' request for an extension to respond to CCC's counterclaim with a 12(b)(6) motion. The Court finds this type of "gamemanship" by Bertrand's counsel as unprofessional and borders on unethical. Accordingly,

The Court will grant the Defendants' Motion (Doc. 35) to Strike Plaintiff's Motion to Dismiss for failure to state a claim and/or Motion for Judgment on the Pleadings,[18] but will grant leave, with hesitancy, for Bertrand's Answer to remain.

---

[14] *Id.*
[15] Doc. 32.
[16] Plaintiff's exhibit 1, Doc. 41-2.
[17] Doc. 41-1, p. 2.
[18] Doc. 32.

The Court has carefully reviewed CCC's motion for partial judgment and arguments by the parties as to the patent infringement claim. The Court finds that the patent infringement claim would best be addressed by a motion for summary judgment, which will also address Bertrand's declaratory judgment claim. Accordingly,

**IT IS ORDERED** that CCC's Motion (Doc. 35) to Strike Plaintiff's Motion to Dismiss for failure to state a claim and/or Motion for Judgment on the Pleadings is hereby **GRANTED,** and Bertrand's Motion to Dismiss and Motion for Judgment on the Pleadings (Doc. 32) are STRICKEN from the record.

**IT IS FURTHER ORDERED** that the CCC shall file a Motion for Summary Judgment no later than September 16, 2022.

**THUS DONE AND SIGNED** in Chambers this 17th day of August, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**