UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ROY BERTRAND III** | **CASE NO. 6:21-CV-04398** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **COASTAL CHEMICAL CO L L C ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM ORDER

Now before this Court is a MOTION TO CONSOLIDATE filed by plaintiff Roy Bertrand, III ("Bertrand"). (Rec. Doc. 52). Defendants Coastal Chemical Co, LLC ("Coastal") and Brenntag North America, Inc. ("Brenntag") oppose consolidation. (Rec. Doc. 54). All briefs are filed, and the motion is properly before the undersigned for decision. 28 U.S.C. § 636.

Federal Rule of Civil Procedure 42 confers wide discretion on a district court to consolidate two or more cases before it involving "common questions of law or fact." Fed. R. Civ. P. 42; *Frazier v. Garrison ISD*, 980 F.2d 1514, 1531–32 (5th Cir. 1993). Courts contemplating consolidation should consider the following factors: (1) whether the suits are pending in the same court; (2) whether the suits involve one or more common parties; (3) whether the suits involve common issues of law and/or fact; (4) whether consolidation risks prejudice to any party; (5) whether consolidation will preserve judicial resources; and (6) whether the suits are at similar stages of preparedness for trial. *Aguillon v. Lumpkin*, 2023 WL 7198119 (S.D. Tex. 10/4/2023) (internal citations omitted).

Bertrand's motion seeks consolidation of the instant suit with Civ. Act. No. 21-CV-4415, filed by Coastal against Bertrand. (Rec. Doc. 52, generally). Bertrand's suit was filed on December 22, 2021, asserting claims against Coastal and Brenntag for fraudulent inducement, breach of contract, detrimental reliance, misappropriation, unfair trade

1

practices, and unjust enrichment. (Rec. Doc. 19, generally). Bertrand's claims arise from an assignment agreement ("Assignment") executed between Bertrand and his then-employer Coastal on December 5, 2016, purporting to transfer right, title, and interest in Bertrand's U.S. Patent for "Processes and Compositions for Scavenging Hydrogen Sulfide."[1] (Rec. Doc. 19-2). Bertrand alleges that he was fraudulently induced to sign the Assignment by promises of royalty payments, to be paid as year-end bonuses, for sales of Bertrand's invention but has never received any of the consideration promised by Coastal. (Rec. Doc. 19 at ¶ 58). Instead, Bertrand claims Coastal issued a cease-and-desist letter directed to him on December 9, 2021, alleging Bertrand was engaging in violations of the Federal Defend Trade Secrets Act, 18 U.S.C. §1836, and the Louisiana Uniform Trade Secrets Act, La. R.S. 51:1431, *et seq.,* after his departure from employment with Coastal. (Rec. Doc. 19-4). Specifically, Coastal's letter disclosed that

> forensic analysis conclusively establishes that you accessed, viewed, and – in many instances – even downloaded to external devices, a wide swath of proprietary material immediately prior to your departure, including customer lists, price lists, proprietary methods, and formulas

which Coastal claims constitute trade secrets under applicable law. (*Id.* at p. 1). Coastal's letter also reminded Bertrand of federal law prohibiting patent infringement, specifically referencing the patent at issue in the Assignment. (*Id.* at p. 2). Shortly after receipt of Coastal's letter, Bertrand filed the instant suit, seeking declaratory relief, money damages, and attorney fees. (Rec. Doc. 19 at pp. 35-36). Coastal answered Bertrand's suit, asserting a counterclaim for patent infringement. (Rec. Doc. 31).

On December 23, 2021, Coastal filed its own suit, docketed as Civ. Act. No. 21-CV-4415, naming Bertrand as its sole defendant. (Rec. Doc. 1). Coastal's suit echoes the

---

[1] U.S. Patent No. 9,493,711 B2; Canadian Patent No. 2837992.

allegations of its December 9 letter, stating claims for misappropriation and conversion of its "confidential, proprietary, and/or trade secreted information." (*Id.* at ¶ 5). As in its December 9 letter, Coastal's suit alleges Bertrand

> accessed developmental information and several underlying patented inventions that were created during the time he was employed by [Coastal], including the experimentation of product patents and the details of patented scavenging processes and compositions (*i.e.*, US10626334 and US9493711).

(*Id.* at ¶20). In a footnote to this paragraph, Coastal asserts, "[t]his is <u>not</u> a patent infringement case, but a case about the taking of trade secreted and confidential information. Plaintiff reserves all rights with respect to any patent infringement that has occurred." (*Id.* at p. 4, n. 1). Coastal's suit seeks injunctive relief preventing Bertrand from using, disclosing, or retaining Coastal's "trade secrets, confidential, and proprietary information[.]" (*Id.* at p. 6). Coastal further seeks compensatory and exemplary money damages resulting from Bertrand's alleged misappropriation of this information. (*Id.* at p. 7). Coastal further seeks injunctive relief, *inter alia*, forbidding Bertrand from using Coastal's patents and formulas and entitling it to conduct forensic analysis of "any personal or business devices that Defendant has used since leaving [Coastal]'s employ in order to confirm the extent to which trade secret and confidential information has been used and/or the extent to which it has been deleted." (*Id.* at p. 14).

After review of the record, including the motion and related briefs, this Court makes the following findings:

(1) The suits at issue are pending before the same court. Moreover, both suits are assigned to the docket of Judge Summerhays and the undersigned Magistrate Judge.

(2) Bertrand and Coastal are named parties in both suits. Bertrand's suit also names Coastal's parent entity, Brenntag. That the parties may litigate as plaintiffs as to one

claim and defendants as to another is not a basis to deny consolidation, since, as illustrated in Bertrand's suit, a single suit may produce this result where counterclaims are asserted.

(3) Both suits arise from Bertrand's former employment with Coastal. Bertrand's suit alleges a variety of contract-based claims against Coastal and Brenntag. Coastal's answer includes a counterclaim for patent infringement. Coastal's suit alleges misappropriation of trade secrets to which Bertrand had access as an employee, including some information pertaining to the patent at issue in Bertrand's suit.

(4) This Court finds no substantial risk of prejudice stemming from consolidation. The Court is capable of presiding over the claims and counterclaims before it without merging them to the prejudice of any party. As noted by Coastal, patent law and the law of trade secrets are distinct from one another. This Court believes counsel can and will present each claim according to applicable law. Were consolidation denied, the undersigned agrees that a risk of inconsistent verdicts is inherent, as two separate juries would consider shared questions of fact underlying both suits' claims.

(5) Consolidation of these suits would best conserve judicial resources in permitting coordinated discovery and trial. As explained above, the undersigned finds overlap in the facts and legal issues raised by both suits, such that consolidated discovery and single trial will reduce the duplication of efforts.

(6) The suits are aligned in pretrial posture. Both suits are set for pretrial conference on September 24, 2024 at 3:30 p.m. and for jury trial on October 7, 2024. (Civ. Act. No. 21-cv-4398 at Rec. Doc. 50; Civ. Act. No. 21-CV-4415 at Rec. Doc. 78). Thus, the pretrial deadlines applicable to both cases are identical.

Considering the foregoing, it is hereby

ORDERED that Bertrand's motion (Rec. Doc. 52) is GRANTED and, accordingly, Civ. Act. No. 21-CV-4398 is hereby CONSOLIDATED with Civ. Act. No. 21-CV-4415 for all purposes.

SO ORDERED this 19th day of March, 2024, at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**