UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ROY BERTRAND III** | **CASE NO. 6:21-CV-04398 LEAD** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **COASTAL CHEMICAL CO L L C ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

On April 30, 2024, the undersigned Magistrate Judge held a telephone status conference in this matter to address a MOTION FOR PROTECTIVE ORDER AND FOR SHOW CAUSE HEARING filed by Plaintiff Roy Bertrand, III and four MOTIONS TO QUASH AND FOR PROTECTIVE ORDERS filed by non-parties to whom Defendants had recently issued subpoenas. (Rec. Docs. 69, 72, 73, 74, 75). As reflected in the Minutes of that teleconference, this Court instructed the parties to file "a joint (if possible) brief addressing the possible bifurcation of these consolidated cases into liability and damages phases." (Rec. Doc. 78). Instead of filing a brief as instructed, Defendants Brenntag North America, Inc. and Coastal Chemical Co., LLC filed the instant BRIEF IN SUPPORT OF MOTION TO BIFURCATE MATTER INTO SEPARATE PHASES FOR LIABILITY AND DAMAGES, which was docketed as a motion and now before this Court for consideration. (Rec. Doc. 81). Bertrand opposes Defendants' motion. (Rec. Doc. 82).

## Factual and Procedural Background

These consolidated suits arise out of Bertrand's former employment and business relationship with defendant Coastal Chemical Co., LLC ("Coastal"). Bertrand was employed by Coastal as a product manager/application specialist and commercial account manager. (Rec. Doc. 19 at ¶ 6). While employed in that capacity by Coastal, Bertrand developed an invention entitled "Processes and Compositions for Scavenging Hydrogen Sulfide[,]" a chemical process which was eventually patented in the United States in 2020 under U.S. Patent Numbers 9,493,711 B2 and 10,626,334 B2 and in Canada in 2021 under Canadian Patent No. 2,837,992. (hereinafter "Patents") (*Id.* at ¶¶ 17–21). Sometime after Bertrand filed the patent applications for the Patents, Coastal began negotiating with Bertrand to purchase his right, title, and interest in the Patents. Bertrand alleges he was promised, but never received, a royalty payment based on volume of sales of products incorporating his patented chemical process, retroactive to the first sales. (*Id.* at ¶¶ 26, 28, 32, 33, 36, 41, 60). Bertrand resigned his employment effective May 7, 2021. (*Id.* at ¶ 62). Bertrand took a new position as a chemical consultant with another company, Solute. (Rec. Doc. 19 at ¶ 67). By letter dated December 9, 2021, Coastal alleged that Bertrand improperly accessed certain commercially sensitive information via computer prior to his departure and has engaged in patent infringement since that time. (*Id.* at ¶ 69). Bertrand filed the instant suit on December 22, 2021 and amended his Complaint on March 1, 2022 to assert claims for fraudulent inducement vitiating consent, or, alternatively, breach of contract,

detrimental reliance, a declaration of non-infringement, unjust enrichment, and patent infringement by Coastal. (*Id.*, generally). In response, Coastal denies Bertrand's allegations and asserts a counterclaim for patent infringement. (Rec. Doc. 31 at ¶¶ 16–20).

The day after Bertrand filed his suit, Coastal filed its own suit arising out of the same events upon which Bertrand's suit is premised. This suit was filed as Civ. Act. No. 21-CV-4415 and was later consolidated with Bertrand's suit. (Rec. Doc. 65). Coastal's Complaint asserts claims against Bertrand for misappropriation of trade secrets, violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, and breach of duty of loyalty. Coastal also seeks injunctive relief under the Defend Trade Secrets Act, 18 U.S.C. § 1836, the Louisiana Uniform Trade Secrets Act, La. R.S. §§ 51:1431–39, and the CFAA. (Civ. Act. No. 21-CV-4415 at Rec. Doc. 1).

Although this Court may order bifurcation where appropriate under 28 U.S.C. § 636, the undersigned believes the Report and Recommendation procedure employed here will provide efficiency in the event any party wishes to appeal the instant findings to the presiding judge. For this reason, the undersigned Magistrate Judge issues the following Report and Recommendation pursuant to 28 U.S.C. § 636 after review of Defendants' MOTION TO BIFURCATE and all associated briefs, as well as the larger record.

**Applicable Standards**

Bifurcation of any two or more issues or claims is a tool of litigation management within the district court's discretion used to promote "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *Sims v. City of Jasper, Tex.*, 2024 WL 3964352, *4 (5th Cir. 2024) (citing *In re Stone*, 986 F.2d 898, 903 (5th Cir. 1993), 8 MOORE'S FEDERAL PRACTICE § 42.23 (Matthew Bender 3d ed.)). Courts consider the factors of convenience, efficiency/economy, and prejudice in determining whether bifurcation is appropriate. *Id.*, citing 9A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE §2392 (3d ed. 2024), *Malin Int'l Ship Repair & Drydock, Inc. v. Veolia Es Special Servs., Inc.*, 369 F. App'x 553, 556 (5th Cir. 2010). Bifurcation is only appropriate where "the issue to be tried is so distinct and separable from the others that a trial of it alone may be had without prejudice." *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964), *cert. denied*, 379 U.S. 962 (1965).

*Convenience*

Bertrand opposes bifurcation based on the likelihood that separate trials will result in further delay in this 2021 case. (Rec. Doc. 82 at pp. 5–7). He points to the great volume of discovery already completed in support of the idea that bifurcation of this case would necessitate the revisiting of all prior discovery to separate it into liability and damages batches and increased time and cost as to all remaining discovery for the same reasons. (*Id.* at p. 5).

Although Bertrand's forecast of the impact of culling discovery into batches as to liability and damages appears somewhat exaggerated, this Court agrees that the prospect of two separate trials on the issues of liability and damages, tried to two separate juries, would undoubtedly slow the pace of this litigation beyond its current stagnation. Accordingly, the convenience factor weighs against bifurcation in this case.

### *Efficiency and Economy*

Bertrand also opposes bifurcation on the basis of efficiency and economy. He cites the voluminous and costly discovery conducted to date without benefit of bifurcation and predicts that bifurcation at this point would only add increased costs to prior and future discovery. (*Id.* at pp. 5–6). Specifically, Bertrand alleges that bifurcation would result in the need to revisit discovery already taken, increasing costs and time spent. Again, this Court finds Bertrand's predictions somewhat hyperbolic but does agree that separate trials of liability and damages would result in at least some loss of efficiency and increased cost.

Conversely, an argument may be made in favor of the efficiency and economy of bifurcation in that a finding of no liability on either the patent infringement or trade secrets issue would obviate the need for a damages trial on any such issue. Considering the Fifth Circuit's view that bifurcation is "not the usual course that should be followed," the balanced or neutral efficiency and economy factor does not weigh in favor of bifurcation. *State of Ala. v. Blue Bird Body Co., Inc.*, 573 F.2d 309, 318 (5th Cir. 1978) (citing *Swofford, supra*, at 415).

*Prejudice*

Review of applicable jurisprudence quickly reveals that the avoidance of prejudice to the parties is the most persuasive factor in determining whether a case should be bifurcated. Bertrand alleges that bifurcation would prejudice him because it would add significant cost, slow the conduct of discovery, and ultimately delay the trial of all issues. (Rec. Doc. 82 at pp. 4–8). This Court agrees that bifurcation at this time would slow the pace of litigation further which is prejudicial to the parties' interest in prosecuting their claims in this case. Accordingly, this factor also weighs against bifurcation.

Considering the foregoing analysis, this Court finds that bifurcation of this suit into separate trials on the issues of liability and damages does not serve the best interest of the parties or the case. For this reason, the undersigned recommend that discovery remain consolidated as to all issues and proceed according to a scheduling order issued upon the setting of a new trial date. Defendants' suggestion of bifurcating discovery and dispositive motions into liability and damages and trying all surviving issues in a single trial is unavailing. This Court's experience in this case counsels against the belief that the parties will refrain from the sort of bickering and stonewalling that has plagued this case from its inception. That the parties would now have an opportunity to argue about what constitutes liability evidence and what constitutes damages evidence and what arguments are properly included in each type of dispositive motion would seem to compound the problem.

As was true for the Court in *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113 (E.D. La. 1992), this Court is convinced that the complex issues of this case should be tried sequentially to avoid jury confusion and potential unnecessary trial time and expense. Accordingly, the undersigned will further recommend that the parties first try the liability aspects of the issues of patent infringement (validity and enforceability of the patent assignment and infringement) and trade secret misappropriation (existence of trade secrets and misappropriation). Following the presentation of evidence on these issues, the jury will determine: (1) whether Bertrand assigned his ownership interest in an enforceable patent via a valid, enforceable assignment agreement; and, if so (2) whether Bertrand infringed on the patent rights of the Defendants as assignees, (3) whether Defendants identify one or more trade secrets under applicable law and jurisprudence; and (4) whether Bertrand misappropriated any such trade secret. If the jury finds that Bertrand did assign his ownership interest in any enforceable patent to Defendants under a valid and enforceable assignment agreement and infringed upon the patent rights belonging to Defendants thereunder, and/or that Bertrand misappropriated one or more trade secrets belonging to Defendants, the parties will next try and issue of damages resulting from these acts to the same jury.

## Conclusion

For the reasons detailed above, the undersigned recommends that Defendants' pending MOTION TO BIFURCATE (Rec. Doc. 81) be DENIED. It is further recommended that discovery and pretrial motions remain consolidated as to all

issues, but that the issues of liability and damages be tried sequentially to the same jury as outlined above. It is finally recommended that this matter be referred to the undersigned Magistrate Judge for a scheduling conference, during which pretrial conference and trial dates will be selected, and after which a scheduling order tailored to the sequential trial of issues should be issued.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 16th day of October, 2024.

_____
David J. Ayo
United States Magistrate Judge