UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ROY BERTRAND III | CASE NO.  6:21-CV-04398 LEAD |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| COASTAL CHEMICAL CO L L C ET AL | MAGISTRATE JUDGE DAVID J. AYO |

### MEMORANDUM RULING AND ORDER

Now before this Court are the following motions, referred to the undersigned for decision pursuant to 28 U.S.C. § 636:

1. MOTION FOR PROTECTIVE ORDER AND FOR SHOW CAUSE HEARING filed by plaintiff Roy Bertrand, III ("Bertrand") (Rec. Doc. 69);

2. MOTION TO QUASH AND FOR PROTECTIVE ORDER filed by non-party witness Josh Deshotels ("Deshotels") (Rec. Doc. 72);

3. MOTION TO QUASH AND FOR PROTECTIVE ORDER filed by non-party witness Tanya Istre ("Istre") (Rec. Doc. 73);

4. MOTION TO QUASH AND FOR PROTECTIVE ORDER filed by non-party witness Jacam Catalyst, LLC ("Jacam") (Rec. Doc. 74); and

5. MOTION TO QUASH AND FOR PROTECTIVE ORDER filed by non-party witness Paul Stephens ("Stephens") (Rec. Doc. 75).

All motions are opposed by defendants Coastal Chemical Co., LLC ("Coastal") and Brenntag North America, Inc. ("Brenntag"). (Rec. Docs. 94, 95, 100). Movants have filed reply briefs. (Rec. Docs. 98, 99).

On October 16, 2024, the undersigned Magistrate Judge issued a Report and Recommendation (Rec. Doc. 85) recommending that the MOTION TO BIFURCATE (Rec. Doc. 81) filed by Coastal and Brenntag be denied. The Report and Recommendation further recommended that the cases remain consolidated in all pretrial aspects, but that the issues

1

of liability and damages be tried sequentially to a single jury. (Rec. Doc. 85). Specifically, the undersigned recommended that the liability phase include trial of the following issues:

> (1) whether Bertrand assigned his ownership interest in an enforceable patent via a valid, enforceable assignment agreement; and, if so (2) whether Bertrand infringed on the patent rights of the Defendants as assignees, (3) whether Defendants identify one or more trade secrets under applicable law and jurisprudence; and (4) whether Bertrand misappropriated any such trade secret.

*Id.* at p. 7.

No party filed objections to the report and recommendation, but the parties did file a joint STIPULATION in which the parties stipulated that the issues listed above are

> merely illustrative and that the final issues have not yet been decided, and…that the issues to be tried at the respective liability and damage phases will be decided at the final pre-trial conference.

(Rec. Doc. 86 at p. 2). In a Judgment issued November 8, 2024, the Court adopted the Report and Recommendation as amended by the parties' STIPULATION. (Rec. Doc. 88).

The pending motions were filed prior to Coastal and Brenntag's MOTION TO BIFURCATE. Considering the pendency of the bifurcation issue, this Court stayed briefing on these motions. (Rec. Doc. 78). That issue having been decided, the undersigned finds the pending motions ripe for decision.

The motions now before this Court seek to quash or to make subject to protective order subpoenas issued to non-party individual and entity witnesses by Coastal and Brenntag on or about April 2, 2024. (Rec. Doc. 69-3). Bertrand's Motion for Protective Order and the Motions to Quash and for Protective Order by Deshotels, Istre, Jacam, and Stephens assert that these subpoenas are facially overbroad and issued to embarrass, harass, and interfere with Bertrand's business relationships. (Rec. Doc. 98 at pp. 3–4; Rec. Doc. 99, generally).

The subpoenas now at issue seek the production of documents as part of discovery in this ongoing patent and employment dispute. Federal Rule of Civil Procedure 26 provides that

> parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Rule 45 permits parties to obtain discovery from non-parties. Under Rule 45, a non-party may be directed by subpoena to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). Where, as here, the non-party is directed to produce documents or electronically stored information, Rule 45(c) permits such subpoena to order production of those specified items "at a place within 100 miles of where the person resides, is employed, or regularly transacts business." Fed. R. Civ. P. 45(c)(2)(A).

Rule 45 also provides that a non-party ordered by subpoena to produce documents or electronically stored information "may serve upon the party or attorney designated in the subpoena a written objection…before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Where the non-party makes such objection, the serving party "may move the court for the district where compliance is required for an order compelling production or inspection." (*Id.*). The non-party may also file a motion to quash or modify the subpoena. Rule 45(d)(3)(A) permits such motion to be filed in "the court for the district where compliance is required." Where the non-party subject to the subpoena consents or the district court where compliance is ordered and in which the motion to quash or modify was filed find exceptional circumstances, the district of compliance

3

may transfer the motion to quash or modify to the issuing court. Fed. R. Civ. P. 45(f). Thereafter, the issuing court may transfer the motion to the district of compliance for the purpose of enforcement of any order quashing or modifying the subpoena. (*Id.*).

The nineteen non-party subpoenas at issue were issued by the Western District of Louisiana court. (*See*, *e.g.*, Rec. Doc. 69-3 at p. 6). Each subpoena directs compliance by Tuesday, April 16, 2024 at 5:00 p.m. at the law firm of Fox Rothschild, LLP located at 2501 N. Harwood St., #1800, Dallas, TX 72501. (*Id.*). Dallas, Texas lies within the Northern District of Texas, making that district court the proper court for the filing of such motions pursuant to Rule 45(d)(3)(A). The record indicates that Deshotels, Istre, Jacam, and Stephens filed their motions in the Western District of Louisiana on April 26, 2024. (*See*, Rec. Docs. 72–75, generally). As these motions were not filed in the district of compliance, this Court lacks authority to address the subpoenas under Rule 45. *Dental Resource Sys., Inc. v. Ashcraft*, 2021 WL 3772688 at *1 (N.D. Tex. 2021); *CCS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017). On this basis, the motions to quash filed by Deshotels, Istre, Jacam, and Stephens (Rec. Docs. 72–75) will be denied.

This Court also notes that these subpoenas bear a return date of April 17, 2024. (*See*, *e.g.*, Rec. Doc. 69-3 at p. 42). Rule 45(d)(3)(A) requires that motions to quash a subpoena must be "timely" presented to the court. Courts interpreting this requirement generally find that motions to quash filed at any time before the return date are presented timely. *Houston v. South. Fid. Ins. Co.*, 2024 WL 3417386 (W.D. La. 2024). As above, Deshotels, Istre, Jacam, and Stephens filed the instant motions on April 26, 2024. The parties agree that Coastal and Brenntag agreed to extend the return date to April 23, 2024, at which time the subpoenaed non-parties elected to conclude their meet and confer efforts. (Rec. Doc. 95 at p. 5; Rec. Doc. 98 at pp. 3–4). Under any interpretation of the extension of time granted by Coastal and Brenntag, the subject motions were untimely filed. Were this the only defect in these motions, the undersigned would not deny them solely on untimeliness, given the somewhat

4

murky determination of precisely how late they were filed.  Nevertheless, untimeliness does weigh against relief.

> The court may grant relief pursuant to Rule 45 where a subpoena
>
> > (i)  fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45; (iii) requires disclosure of privileged or other protected matter; if no exception or waiver applies; or (iv) subjects a person to undue burden.

*In re Application of Time, Inc.*, 1999 WL 80490, at *7 (E.D. La. 1999), aff'd 209 F.3d 719 (5th Cir. 2000).  Similarly, Rule 26 permits a court to grant relief from a subpoena that "exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45." *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 650 F. Supp. 3d 491 (E.D. La. 2023) (quoting *Hahn v. Hunt*, 2016 WL 1587405, at *2 (E.D. La. 2016), aff'd, 2016 WL 65188683 (E.D. La. 2016)).  Bertrand's Motion for Protective Order and the motions filed by Deshotels, Istre, Jacam, and Stephens, insofar as they seek alternative relief under Rule 26 are properly before this Court.

The nearly identical motions by Deshotels, Istre, Jacam, and Stephens allege two common defects: (1) that the subpoenas are overly broad on their face, and (2) compel production beyond the 100-mile geographical limits of Rule 45.  Jacam's motion also alleges that the information sought is duplicative since the individual employee communications at issue were also subpoenaed directly from each individual employee. (Rec. Doc. 74 at pp. 4–5).

Movants assert that the subpoenas' request for production of "copies of all communications you have had with…Roy Bertrand, including but limited to, emails and text messages, from January 1, 2021 – December 23, 2021" renders the subpoenas overly broad on their faces and, therefore, unduly burdensome. (*See*, *e.g.*, Rec. Doc. 72-1 at p. 2).  Movants argue that such broad requests with no limitations as to subject matter have been quashed as overly broad by courts within the Fifth Circuit, citing *Blanchard v. Circle K Stores, Inc.*,

5

2021 WL 4255407 (W.D. La. 2021). In *Blanchard*, this Court, speaking through then-Magistrate Judge Patrick Hanna, granted Blanchard's motion to quash on the basis of undue burden. There, plaintiff brought claims against defendant for personal injury arising from a slip-and-fall accident in one of defendant's stores. Defendant subpoenaed Blanchard's bank seeking production of "any and all banking records in your possession in any way related to" Blanchard. This Court determined that the subpoena at issue sought irrelevant and disproportional production and was, under the standards of Rules 26 and 45, overly broad on its face. *Blanchard* has little application to the instant suit.

In this case, Coastal and Brenntag allege that Bertrand misappropriated trade secrets in an attempt to secure business for himself and his prospective employer at Coastal and Brenntag's expense. Coastal and Brenntag offer email and text messages between Bertrand and non-party witnesses demonstrating communication which this Court deems relevant to these claims. (*See*, Rec. Doc. 102-1). The clear relevance of communications between Bertrand and the identified non-parties distinguishes this case from *Bertrand*, in which the party seeking discovery could not demonstrate such relevance.

The subpoenas issued to the movants are also limited in scope by the date range January 1, 2021 to December 31, 2021. (*See*, *e.g.*, 72-1 at p. 2). Given the timeline of events alleged in Coastal and Brenntag's suit, this date range is reasonable. Moreover, to the extent that Deshotels, Istre, Jacam, and Stephens challenge the content of the discovery requested, this Court notes that these motions offer no argument or evidence that production of communications between the subpoenaed witnesses and Bertrand would produce evidence that is irrelevant to the claims at issue, such as sensitive personal or purely social conversations. Additionally, these motions fail to offer any proposed parameters on production, such as would somehow narrow discovery to only those matters at issue in this case. Were there a risk of exposure of personal or social conversations about which those subpoenaed are concerned, this Court expects that this issue would have been raised.

6

Finally, to the extent that sensitive personal or purely social communications may be included in the scope of the evidence produced, a protective order exists in this case to limit the number of persons who may view it and forbids dissemination of such evidence outside of its bounds. (*See*, Rec. Doc. 49).

The non-party witness-movants next argue that the subpoenas seek to compel discovery beyond the 100-mile geographical limits of Rule 45. Coastal and Brenntag note that none of the motions state where any of the individual non-party witnesses live and work, and, in this way, fail to show that the subpoenas violate Rule 45. (Rec. Doc. 95 at pp. 8–9). Review of the subpoenas reveals that they were issued to the individual non-party witnesses Deshotels and Istre at addresses in Rayne and Kaplan, Louisiana, respectively, and to non-party witness Stephens at an address in Midland, Texas. These locales are, as argued by the motions, more than 100 miles from the place of compliance in Dallas, Texas. (Rec. Docs. 72-1 at p. 2; 73-1 at p. 2; 75-1 at p. 2). Non-party witness Jacam, likely located in Sterling, Kansas, was subpoenaed via its registered agent for service, CT Corporation System in Dallas, Texas. (Rec. Doc. 74-1 at pp. 1–2). Given the foregoing, this Court will issue a protective order under Rule 26 requiring Coastal and Brenntag to provide a place of compliance conforming to Rule 45's 100-mile geographic boundary.

Jacam's motion to quash and for protective order further argues that the subpoena issued by Coastal and Brenntag seeks production of duplicative evidence, since the individual employees with whom Bertrand is alleged to have communicated have each been individually subpoenaed. (Rec. Doc. 74 at pp. 4–5). Given Jacam's role as employer to Josh Deshotels, Matt Deshotels, and Tayna Istre, this Court does not find the subpoena to be duplicative, since communications undertaken by these individuals using Jacam-owned devices would likely be in the custody and control of Jacam. Jacam also complains that the subpoena asks for communications between persons with no affiliation to it (Brittney Fontenot, Matt Carter, Chase Herrell, Jacques Fisher, and Roger Kingand). (*Id*.). Coastal and Bertrand allege that

7

these individuals were employed by or had a connection with ProFlow Solutions, LLC, an entity now owned by Jacam, giving Jacam control over the prior communications of these individuals. (Rec. Doc. 95 at p. 8). This Court agrees that the subpoena's request that Jacam produce communications between these individuals and Bertrand is not unreasonable under these circumstances. Should Jacam find that it does not possess any such communications, it may simply respond accordingly.

Bertrand's MOTION FOR PROTECTIVE ORDER (Rec. Doc. 69) was properly filed in the Western District of Louisiana pursuant to Rule 26(c), which provides that such motions may be filed either in "the court for the district where the action in pending – or as an alternative on matters relating to a deposition, in the court where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). In this motion, Bertrand seeks a protective order from subpoenas issued by Coastal and Brenntag "designed to harass, intimidate, disrupt business relations, waste time, and cause undue burden and expense." (Rec. Doc. 69 at p. 1).

Generally, under Rule 45, a party lacks standing to quash a subpoena duces tecum issued to a non-party but may move for a protective order pursuant to Rule 26(c). Bertrand alleges Coastal and Brenntag are engaging in "scorched earth" discovery which will result in significant harm to Bertrand's business relations and those of his employer. (Rec. Doc. 69-2 at pp. 1, 7). Specifically, the subpoenas issued to individuals Deshotels, Istre, and Stephens command production of "copies of all communications you have had with Roy Bertrand, including but limited to, emails and text messages, from January 1, 2021 through December 23, 2021." (*See*, *e.g.*, Rec. Doc. 69-3 at p. 42). The subpoena issued to Jacam commanded production of "all communication with Roy Bernard or documents exchanged or discussed with Mr. Bertrand, including between Brittney Fontenot, Matt Carter, Chase Herrell, Jacques Fisher, Michael Moore, Paul Stephens, Josh Deshotels, Matt Deshotels, Nick Deshotels, Tanya Istre, and/or Roger King, and Mr. Bertrand." (*See*, *e.g.*, Rec. Doc. 69-3 at p. 21). Coastal and Brenntag advise that all subpoenas have since been modified by later

agreement to be limited to the time period between January 1, 2021 and December 31, 2021. (Rec. Doc. 94 at p. 4).

In these consolidated suits, Coastal and Brenntag assert claims against Bertrand for misappropriation of trade secrets, violation of the Computer Fraud and Abuse Act, and breach of the duty of loyalty. (Civ. Act. No. 21-CV-4415 at Rec. Doc. 1). Specifically, Coastal and Brenntag allege that Bertrand used his position to undermine Coastal's business relationship with third parties for his personal benefit by misappropriating a patented scavenger technology and certain client data. (Rec. Doc. 102 at pp. 2–3). This Court has reviewed the subpoenas at issue and finds that the information sought is relevant and proportional to Coastal and Brenntag's claims against Bertrand.

Bertrand's motion emphasizes that his current business relationships will be harmed by Coastal and Brenntag's subpoenas. (Rec. Doc. 69-1 at pp. 7–8; Rec. Doc. 99 at p. 4). Bertrand's argument, assumed to be earnest by this Court, fails to satisfy his burden of proof as to the relief requested. The issues raised in these consolidated suits concern Bertrand's employment at Coastal and the business relationships of Coastal and Bertrand during and after Bertrand's resignation from employment with Coastal. As such, the evidence sought in the subpoenas at issue is relevant and, as modified by subsequent correspondence, reasonably limited in scope. Accordingly, Bertrand's Motion for Protective Order will be granted in the same manner as the non-party witness motions, limiting the evidence to be produced to the date range of January 1, 2021 to December 31, 2021, as previously agreed by Coastal and Brenntag.

Considering the foregoing analysis, it is hereby

ORDERED that the Motion for Protective Order and for Show Cause Hearing (Rec. Doc. 69) filed by Bertrand is GRANTED, such that all subpoenas issued by Coastal and Brenntag to non-party witnesses in conjunction with this litigation shall be limited in scope

to communications with plaintiff Roy Bertrand during the period of January 1, 2021 to December 31, 2021 and DENIED in all other respects. It is further

ORDERED that the Motions to Quash filed by non-party witnesses Deshotels, Istre, Jacam, and Stephens (Rec. Docs. 72, 73, 74, 75) are DENIED. It is further

ORDERED that the Motions for Protective Order filed by Deshotels, Istre, Jacam, and Stephens (Rec. Docs. 72, 73, 74, 75) are GRANTED such that all subpoenas issued by Coastal and Brenntag to these nonparty witnesses in conjunction with this litigation shall be limited in scope to communications with plaintiff Roy Bertrand during the period of January 1, 2021 to December 31, 2021 and DENIED in all other respects.

ORDERED that the parties will prepare a joint proposed case management order setting forth deadlines for the liability and damages phases of the trial of these cases and file same into the record on or before MONDAY, MARCH 17, 2025. The proposed case management order shall include, at a minimum, the deadlines contained in the court's standard scheduling order and in the sequence provided therein. It is finally

ORDERED that a telephone scheduling conference is set before the undersigned Magistrate Judge on TUESDAY, APRIL 1, 2025 at 10:30 a.m. Counsel will join the teleconference by dialing 1-855-244-8681 and entering access code 2305 119 9722. Counsel are advised that trial dates will be selected at this teleconference.

SO ORDERED this 25th day of February, 2025 at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**